# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60384
Summary Calendar

————————

Maryoris Walkiria Barahona-Pineda; Allan Eduardo Guzman-Barahona; Brithany Holibed Guzman-Barahona,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

—————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A215 933 353, A215 933 355, A215 933 354

—————————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Petitioner Maryoris Walkiria Barahona-Pineda and her minor children Allan Eduardo Guzman-Barahona and Brithany Holibed Guzman-Barahona, (collectively, "Petitioners"), are natives and citizens of Honduras. They request review of the Board of Immigration Appeals' ("BIA") decision

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60384

affirming the Immigration Judge's denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We review the BIA's decision, but we consider the Immigration Judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). We review factual findings for substantial evidence and legal determinations de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

To establish eligibility for asylum, an applicant must prove that he or she is unwilling or unable to return to his or her home country "'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (quoting 8 U.S.C. § 1101(a)(42)(A)). The applicant must present "'specific, detailed facts'" to demonstrate past persecution or a well-founded fear of future persecution. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (quoting *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994)).

Persecution is not mere harassment or discrimination, but instead "is a specific term that 'does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.'" *Gjetani v. Barr*, 968 F.3d 393, 397–98 (5th Cir. 2020) (quoting *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006)). Even if a petitioner claims that he or she suffered persecution when their family vehicle was set on fire, one incident of arson is not extreme enough to compel a finding of persecution. *See id.* Neither is receipt of a variety of phone calls and letters threatening a petitioner's life sufficient to show past persecution because the threats were "exaggerated, non-specific, or lacking in immediacy." *Munoz-Granados v. Barr*, 958 F.3d 402, 407 (5th Cir. 2020) (internal citation and quotation

marks omitted). "Persecution requires more. As our distinguished colleagues from courts of appeals across the country have elaborated, it has the quality of a *sustained*, systematic effort to target an individual on the basis of a protected ground." *Gjetani*, 968 F.3d at 397. Therefore, there is no basis for us to overturn the BIA's determination here that Petitioners failed to demonstrate that they were subjected to past persecution. *See Orellana-Monson*, 685 F.3d at 518.

In determining whether there is a nexus, we examine "whether the protected ground is one central reason motivating the *persecutor*, not the *persecuted*." *Vazquez-Guerra v. Garland*, 7 F.4th 265, 269 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022). Despite the Petitioners' assertions to the contrary, the testimony of Barahona-Pineda and her husband merely reflects that their family was subjected to general criminal activity. Substantial evidence thus supports the BIA's determination that the Petitioners failed to demonstrate that they had a well-founded fear of future persecution on account of a protected basis. *See Cabrera v. Sessions*, 890 F.3d 153, 159–60 (5th Cir. 2018).

To qualify for withholding of removal, an applicant has the burden of demonstrating that it is more likely than not that he or she will be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion. *Cantarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019); *see also Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018) (addressing required nexus between suffered harm and protected ground). Petitioners "failed to establish the less stringent 'well-founded fear' standard of proof required for asylum relief," so they cannot meet the more stringent burden for obtaining withholding of removal and thus are unable to demonstrate that the BIA erred in disposing of their claim. *Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012) (internal quotation marks and citation omitted).

No. 22-60384

To establish entitlement to relief under the CAT, an alien must prove that it is more likely than not that he or she will be tortured with the consent or acquiescence of public officials if he or she returns to the particular country in question. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Despite Petitioners' assertions to the contrary, the record evidence only weighs against the Immigration Judge's conclusion but does not compel a contrary result. Substantial evidence thus supports the determination that Petitioners are not entitled to protection under the CAT. *See Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019). Their petition for review is DENIED.